Michael A. Haskel
Brandon M. Zlotnick
Law Offices of Michael A. Haskel
Attorneys for Plaintiff
167 Willis Avenue
Mineola, NY 11501-2621
Phone: (516) 294-0250
Email: haskelesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CATHAY BANK,                                                    **COMPLAINT**

                                    Plaintiff,                 Case No. 17-CV-3551

             -against-

PAULA MALLIARAKIS, GEORGE MALLIARAKIS
a/k/a GEORGIOS MALLIARAKIS, 26ROADASTORIA
LLC, ALPHA REALTY, INC., APHIS REALTY, INC.,
1847 ASTORIA LLC, and DIONYSIOS KALIAMPOS,

                                    Defendants.
------------------------------------------------------------------------x

  Plaintiff CATHAY BANK ("Cathay"), by its attorneys, Law Offices of Michael A.

Haskel, as and for its complaint, alleges:

## PARTIES

  1.  Cathay is, and at all times hereinafter mentioned was, a banking corporation duly

organized under the laws of the State of California, with its principal place of business at 777

North Broadway, Los Angeles, California 90012, in the State of California.

  2.  Upon information and belief, the defendant, GEORGE MALLIARAKIS

("George"), is a citizen of the State of Florida, with a residence at 7880 Southeast 113th Court,

Jasper, Florida 32052.

1

3.      Upon information and belief, the defendant, PAULA MALLIARAKIS ("Paula") is a citizen of the State of New York, with a residence at 3385 Bay Front Place, Baldwin, New York 11510 (the "Baldwin Property").

4.      Upon information and belief, George and Paula resided together for several years, until in or about 2014, and that a special, intimate relationship existed between them.

5.      Upon information and belief, the defendant, 26ROADASTORIA LLC ("26RoadAstoria"), is a limited liability company formed under the laws of the State of New York, with a principal place of business at 23-67 36th Street, Astoria, New York 11105.

6.      Upon information and belief, the defendant, ALPHA REALTY, INC. ("Alpha"), is a corporation formed under the laws of the State of New York, with a principal place of business at 23-67 36th Street, Astoria, New York 11105.

7.      Upon information and belief, the defendant, APHIS REALTY, INC. ("Aphis"), is a corporation formed under the laws of the State of New York, with a principal place of business at 23-67 36th Street, Astoria, New York 11105.

8.      Upon information and belief, the defendant, 1847 ASTORIA LLC ("1847 Astoria"), is a limited liability company formed under the laws of the State of New York, with places of business at 3385 Bay Front Place, Baldwin, New York 11510 and at 18-47 26th Road, Astoria, New York 11102.

9.      Upon information and belief, the defendant, DIONYSIOS KALIAMPOS ("Kaliampos") is a citizen of the State of New York, with a residence at 20-10 19th Street, Astoria, New York 11105.

10.     Upon information and belief, up to on or about October 19, 2016 Paula was the sole member and the sole owner of 1847 Astoria.

## SUBJECT MATTER JURISDICTION

11.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that the plaintiff, Cathay, is a citizen of the State of California; each of the defendants herein is a citizen of a state other than California; and the amount in controversy is in excess of $75,000.00.

## BACKGROUND

### The Fraudulent Conveyances

12.     Prior to February 12, 2010, George was the fee owner of certain real property located at 18-47 26th Road, Astoria, New York 11102, which is in the Borough of Queens, Block 886, Lot 48, and which is improved with a three-family residential apartment building (the "Property").

13.     On or about September 24, 2009, a federal tax lien in the amount of $237,752.83 was recorded, against the Baldwin Property, then owned by George and Paula, in the Office of the County Clerk, County of Nassau, representing federal income taxes that were due from George but which George had failed to pay.

14.     Upon information and belief, by deed dated February 12, 2010, George conveyed the Property to George and Paula, as tenants in common, by deed dated February 12, 2010, and recorded on April 7, 2010 in the Office of the City Register of the City of New York as CRFN 2010000115235 ("2010 Transfer").

15.     The 2010 Transfer occurred at a time when George was indebted to a number of creditors, including Asia Bank, N.A. ("Asia Bank"), and at the time of the 2010 Transfer, George was insolvent, or George was rendered insolvent as a result of the 2010 Transfer.

16.     The 2010 Transfer was without consideration.

3

17.     On February 28, 2014, Paula and George conveyed the Property to Paula by deed dated February 28, 2014 and recorded on December 15, 2014 in the Office of the City Register of the City of New York as CRFN 2014000410736 ("2014 Transfer").

18.     Upon information and belief, at the time of the 2014 Transfer, Paula and George resided together.

19.     At the time of the 2014 Transfer, George was insolvent, or was rendered insolvent by virtue of the 2014 Transfer.

20.     The 2014 Transfer was without consideration.

21.     In 2015, Paula conveyed the Property to 1847 Astoria, by deed dated December 2, 2015 and recorded on December 31, 2015 in the Office of the City Register of the City of New York as CRFN 2015000463003 ("2015 Transfer").

22.     At the time of the 2015 Transfer, Paula was insolvent, or was rendered insolvent by virtue of the 2015 Transfer.

23.     The 2015 Transfer was without consideration.

24.     Upon information and belief, at all times relevant up to on or about October 19, 2016, Paula was the sole member and the sole owner of 1847 Astoria.

25.     Upon information and belief, Kaliampos has taken the position that on or about October 19, 2016, by a Membership Interest Sale agreement ("Membership Sale Agreement"), Paula conveyed her full ownership interest in 1847 Astoria to Kaliampos (the "2016 Alleged Transfer"), who alleges that he became the sole member and the sole owner of 1847 Astoria.

26.     The 2016 Alleged Transfer was made without fair consideration, insofar as the only purported consideration provided by Kaliampos to Paula pursuant thereto was the assumption of liability for the mortgage debt on the 1847 Property, which the Membership Sale

Agreement valued at $705,000, yet, upon information and belief, the fair market value of the 1847 Property is approximately $1.3 million, according to Paula's own attorney.

## Prior Proceedings and Judgments Involving Defendants

27.     On or about April 13, 2015, Paula filed for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code, in United States Bankruptcy Court, Eastern District of New York, Case No. 1-15-41630-nhl. In the course of said proceeding, Asia Bank made a motion to lift the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (2), and in such motion referred to federal tax lien against the Baldwin Property representing monies owed to the United States, which had been revealed in a title search on the Baldwin Property. This action was dismissed pursuant to an order dated and entered July 24, 2015.

28.     On or about August 31, 2015, Paula filed for bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court, Eastern District of New York, Case No. 1-15-44058 (the "Second Paula Bankruptcy Action"). In her petition for bankruptcy in the Second Paula Bankruptcy Action, Paula disclosed that she owed over $100,000 to unsecured creditors. This action was dismissed pursuant to a stipulation and order dated November 2, 2015 and entered November 3, 2015.

29.     On or about August 30, 2015, Paula brought an action in the United States District Court, Eastern District of New York, entitled *Paula Malliarakis v. George Malliarakis et al.*, No. 15-cv.-05060 (the "Paula Federal Action").

30.     In the Paula Federal Action, Cathay asserted two counterclaims for money damages against Paula, on or about February 4, 2016.

31.     Paula is indebted to Cathay pursuant to a judgment entered and docketed on May 3, 2016 on Cathay's counterclaims against Paula in the Paula Federal Action in the amount of $455,000, with interest (the "Paula Federal Action Judgment").

32.     The Paula Federal Action Judgment has not been satisfied.

33.     On or about January 24, 2014, Asia Bank, N.A. ("Asia Bank") brought an action against, among others, George and Paula originally entitled *Asia Bank, N.A. v. 458 E. 144th Street Realty Corp. et al.*, Supreme Court, Nassau County, Index No. 768/2014 (the "458 E. 144th Action"). The gravamen of the 458 E. 144th Action was to foreclose a mortgage upon the Baldwin Property, which was owned by George and Paula. The 458 E. 144th Action also sought money damages against, among others, George, in the event there was a deficiency upon the foreclosure sale of the Baldwin Property.

34.     On or about January 30, 2014, George was served with the summons and complaint in the 458 E. 144th Action.

35.     The 2014 Transfer was made at a time when George was a defendant in an action for money damages, *i.e.*, the 458 E. 144th Action, and at a time when the 458 E. 144th Action was pending against both George and Paula.

36.     Cathay is the successor-in-interest to Asia Bank, with which Cathay merged in 2015, with Cathay being the surviving entity from the merger.

37.     In or about September 2015, Cathay was substituted, *nunc pro tunc*, for Asia Bank as the plaintiff in the 458 E. 144th Action. (Hereinafter, Asia Bank and Cathay shall be referred to, collectively and individually, as "Cathay".)

38.     George is indebted to Cathay pursuant to a deficiency judgment entered and docketed in the 458 E. 144th Action on December 12, 2016, in the amount of $793,294.23 (the "458 E. 144th Action Judgment").

39.     The 458 E. 144th Action Judgment has not been satisfied.

**The Mortgages**

40.     On or about December 2, 2015, 1847 Astoria entered into a loan agreement with Fifth Avenue Capital, LLC ("Capital") (the "Loan Agreement"), pursuant to which Capital loaned to 1847 Astoria the amount of $600,000.

41.     As collateral security for the payment of the aforesaid indebtedness, on or about December 2, 2015, 1847 Astoria executed, acknowledged and delivered to Capital a certain mortgage (the "Capital Mortgage") in the amount of $600,000, which was recorded against the Property, with Capital as the mortgagee.

42.     The Capital Mortgage was recorded in the Office of the City Register of the City of New York, under CRFN 2015000463004, on December 31, 2015.

43.     On or about August 19, 2016, Capital assigned to 26RoadAstoria the Capital Mortgage, pursuant to an assignment of mortgage (the "Assignment of Mortgage").

44.     The Assignment of Mortgage was recorded in the Office of the City Register of the City of New York, under CRFN 2016000310266, on September 7, 2016.

45.     On or about March 1, 2016, 1847 Astoria executed, acknowledged and delivered to Alpha a certain mortgage (the "Alpha Mortgage") in the amount of $75,000, which was recorded against the Property, with Alpha as the mortgagee.

46.     The Alpha Mortgage was recorded in the Office of the City Register of the City of New York, under CRFN 2016000086210, on March 11, 2016.

47.     On February 22, 2017, a certain correction mortgage, purporting to change the identity of the mortgagee on the Alpha Mortgage to Aphis (the "Correction Mortgage"), was recorded in the Office of the City Register of the City of New York, under CRFN 2017000073201.

## AS AND FOR A FIRST CAUSE OF ACTION

48.     Cathay repeats and reiterates each and every allegation in paragraphs 1 through 47 above as if fully set forth herein.

49.     The 2015 Transfer from Paula to 1847 Astoria was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273, in that, among other things, upon information and belief: (a) it was made without fair consideration, in that there was no consideration provided therefor and it was not conveyed in good faith; and (b) the transferor was insolvent or the 2015 Transfer rendered the transferor insolvent.

50.     Upon information and belief, the 2015 Transfer was intended to hinder, delay, and defraud creditors, including Cathay, and thus was fraudulent within the meaning of New York Debtor and Creditor Law § 276.

51.     The information and belief asserted in paragraph 50 above is based upon the presence of numerous badges of fraud, including but not limited to: (a) the absence of consideration therefor; (b) the close relationship between Paula, the transferor, and 1847 Astoria, the transferee, which Paula wholly owned; (c) Paula's knowledge of claims by creditors against her at the time of the transfer without consideration, including Paula's indebtedness to Cathay; and (d) Paula's knowledge that that the transfer hindered creditors.

52.     Accordingly, pursuant to New York Debtor and Creditor Law § 278, the 2015 Transfer should be adjudged fraudulent, null, and void as to Cathay, such conveyance should be

vacated and set aside, and title in the Property should be restored to its preconveyance status, such that the sole owner of the Property is Paula.

## AS AND FOR A SECOND CAUSE OF ACTION

53.     Cathay repeats and reiterates each and every allegation in paragraphs 1 through 52 above as if fully set forth herein.

54.     The 2014 Transfer from Paula and George to Paula was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273, in that, upon information and belief: (a) it was made without fair consideration, in that there was no consideration provided therefor and it was not conveyed in good faith; and (b) George was insolvent or the 2014 Transfer rendered George insolvent.

55.     The 2014 Transfer from Paula and George to Paula was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273-a, in that, upon information and belief: (a) it was made without fair consideration, in that there was no consideration provided therefor and it was not conveyed in good faith; (b) at the time of the transfer, George was a defendant in an action for money damages, *i.e.*, the 458 E. 144th Action, and (c) George has failed to satisfy a final judgment entered and docketed against him in the 458 E. 144th Action.

56.     Upon information and belief, the 2014 Transfer was intended to hinder, delay, and defraud creditors, including Cathay, and thus was fraudulent within the meaning of New York Debtor and Creditor Law § 276.

57.     The information and belief asserted in paragraph 56 above is based upon the presence of numerous badges of fraud, including but not limited to: (a) the absence of consideration therefor; (b) the close relationship between Paula and George, the transferors, and Paula, the transferee; (c) knowledge by Paula and George of claims by creditors against them at

9

the time of the transfer without consideration, including Paula and George's indebtedness to Cathay; and (d) Paula and George's knowledge that that the transfer hindered creditors.

58.     Accordingly, pursuant to New York Debtor and Creditor Law § 278, the 2014 Transfer should be adjudged fraudulent, null, and void as to Cathay, such conveyance should be vacated and set aside, and, following the vacatur and setting aside of the 2015 Transfer under the First Cause of Action herein, title in the Property should be restored to its preconveyance status, such that the owners of the Property are Paula and George as tenants in common.

### AS AND FOR A THIRD CAUSE OF ACTION

59.     Cathay repeats and reiterates each and every allegation in paragraphs 1 through 58 above as if fully set forth herein.

60.     The 2016 Alleged Transfer from Paula to Kaliampos was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273, in that, upon information and belief: (a) it was made without fair consideration, in that the consideration provided therefor was not a fair equivalent therefor, and was disproportionately small as compared with the value of the ownership interest conveyed thereby, and it was not conveyed in good faith; and (b) Paula was insolvent or the 2016 Alleged Transfer rendered Paula insolvent.

61.     The 2016 Alleged Transfer from Paula to Kaliampos was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273-a, in that, upon information and belief: (a) it was made without fair consideration, in that the consideration provided therefor was not a fair equivalent therefor, and was disproportionately small as compared with the value of the ownership interest conveyed thereby, and it was not conveyed in good faith; (b) at the time of the 2016 Alleged Transfer, judgment had been entered and docketed against Paula in an action against her for money damages, *i.e.*, the counterclaims against her in the Paula Federal Action;

and (c) Paula has failed to satisfy a final judgment entered and docketed against her in the Paula Federal Action.

62.     Upon information and belief, the 2016 Alleged Transfer was intended to hinder, delay, and defraud creditors, including Cathay, and thus was fraudulent within the meaning of New York Debtor and Creditor Law § 276.

63.     The information and belief asserted in paragraph 62 above is based upon the presence of numerous badges of fraud, including but not limited to: (a) the inadequacy of consideration therefor; (b) judgment already having been entered against Paula at that time in the Paula Federal Action; and (c) knowledge by Paula of claims by creditors against her at the time of the transfer without adequatet consideration, including Paula's indebtedness to Cathay, and her knowledge that that the transfer hindered creditors.

64.     Upon information and belief, there are additional circumstances that indicate the 2016 Alleged Transfer was not a bona fide transaction in that: (a) Paula continued collecting rent from tenants at the Property, a three-family dwelling, for months after the 2016 Alleged Transfer closed; and (b) those tenants were not informed of the transfer for months after the transaction.

65.     Accordingly, pursuant to New York Debtor and Creditor Law § 278, the 2016 Alleged Transfer should be adjudged fraudulent, null, and void as to Cathay, such conveyance should be voided and set aside, and title to the ownership interest in 1847 Astoria should be restored to its preconveyance status, such that Paula is the owner of the entire ownership interest.

## AS AND FOR A FOURTH CAUSE OF ACTION

66.     Cathay repeats and reiterates each and every allegation in paragraphs 1 through 65 above as if fully set forth herein.

67.     Because, as set forth above, the 2014 and 2015 Transfers and 2016 Alleged Transfer were made with actual intent to defraud, pursuant to New York Debtor & Creditor Law

§ 276-a Cathay should be awarded, as against Paula, George, 1847 Astoria, and Kaliampos, the reasonable attorney's fees that Cathay incurs in the instant action.

## AS AND FOR A FIFTH CAUSE OF ACTION

68.     Cathay repeats and reiterates each and every allegation in paragraphs 1 through 67 above as if fully set forth herein.

69.     Upon information and belief, Capital, Alpha, and Kaliampos did not perform proper due diligence prior to entering into the Capital Mortgage, Alpha Mortgage, and Membership Sale Agreement, respectively.

70.     Capital, Alpha, and Kaliampos were on actual, inquiry, and/or constructive notice that the 2014 Transfer, 2015 Transfer, and/or 2016 Alleged Transfer were fraudulent conveyances.

71.     Further, even assuming *arguendo* no notice by documents of record, a reasonably prudent lender or purchaser of an ownership interest in 1847 Astoria would have made inquiries of the circumstances of the 2014 Transfer, 2015 Transfer, and 2016 Alleged Transfer and, had those inquiries been made, they would have revealed that each of those transfers was fraudulent.

72.     Among other acts of Capital, Alpha, and Kaliampos, a reasonably prudent lender or purchaser of an ownership interest in 1847 Astoria would have reviewed documents on file that would have revealed no consideration for the 2014 Transfer and 2015 Transfer, bankruptcy filings by Paula, and the judgment entered against George, before extending loans to Paula or purchasing Paula's ownership interest in 1847 Astoria, and such review would have revealed that both Paula and George were not in good financial condition.

73.     Upon information and belief, Capital, Alpha, and Kaliampos failed to investigate the bankruptcies and the lack of consideration.

74.     As assignee of Capital, 26RoadAstoria is subject to the same claims and defenses that could be raised against Capital.

75.     As assignee of Alpha, Aphis is subject to the same claims and defenses that could be raised against Alpha.

76.     The Capital Mortgage, Alpha Mortgage, Correction Mortgage, and Membership Sale Agreement should be adjudged fraudulent, null, and void, and be discharged of record.

77.     WHEREFORE, Cathay demands that the Court enter judgment as follows:

(a)     On the First Cause of Action, pursuant to New York Debtor and Creditor Law § 278, adjudging the 2015 Transfer to be fraudulent, null, and void as to Cathay, vacating and setting aside such conveyance, and restoring title in the Property to its preconveyance status, such that the sole owner of the Property is Paula;

(b)     On the Second Cause of Action, pursuant to New York Debtor and Creditor Law § 278, adjudging the 2014 Transfer to be fraudulent, null, and void as to Cathay, vacating and setting aside such conveyance, and, following the vacatur and setting aside of the 2015 Transfer under the First Cause of Action herein, restoring title in the Property to its preconveyance status, such that the owners of the Property are Paula and George as tenants in common;

(c)     On the Third Cause of Action, pursuant to New York Debtor and Creditor Law § 278, adjudging the 2016 Alleged Transfer to be fraudulent, null, and void as to Cathay, vacating and setting aside such conveyance, and restoring title in the ownership interest in 1847 Astoria to its

preconveyance status, such that Paula is the owner of the entire ownership interest;

(d)     On the Fourth Cause of Action, pursuant to New York Debtor and Creditor Law § 276-a, awarding reasonable attorney's fees in the instant action as against Paula, George, 1847 Astoria, and Kaliampos; and

(e)     On the Fifth Cause of Action, adjudging that the Capital Mortgage, Alpha Mortgage, and Correction Mortgage, and Membership Sale Agreement are fraudulent, null, void, and discharged of record;

(f)     Together with interest, costs and disbursements of this action, and with such other, further, and different relief which as to the Court may seem just and proper.

Dated:  Mineola, New York
        June 13, 2017

                              Yours, etc.

                              LAW OFFICES OF MICHAEL A. HASKEL

                              By:     s/Brandon M. Zlotnick
                                      Brandon M. Zlotnick
                                      Attorneys for Plaintiff
                                      167 Willis Avenue
                                      Mineola, NY 11501-2621
                                      Phone: (516) 294-0250
                                      Email: haskelesq@aol.com

Case No. 17-CV-3551

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CATHAY BANK,

Plaintiff,

-against-

PAULA MALLIARAKIS, GEORGE MALLIARAKIS a/k/a GEORGIOS MALLIARAKIS,
26ROADASTORIA LLC, ALPHA REALTY, INC., APHIS REALTY, INC.,
1847 ASTORIA LLC, and DIONYSIOS KALIAMPOS,

Defendants.

## SUMMONS AND COMPLAINT

LAW OFFICES OF MICHAEL A. HASKEL
Attorneys for Plaintiff
167 Willis Avenue
Mineola, NY 11501-2621
Phone: (516) 294-0250
Fax: (516) 294-0854 *(not for service)*
Email: haskelesq@aol.com