UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CATHAY BANK,

                              Plaintiff,

-against-

                                                                     Case No: 17-CV-3551
                                                                      **ANSWER**

PAULA MALLIARAKIS, GEORGE MALLIARAKIS *aka*
GEORGIOS MALLIARAKIS, 26 ROAD ASTORIA LLC,
ALPHA REALTY, INC., APHIS REALTY, INC.,
1847 ASTORIA LLC, and DIONYSIOS KALLIAMPOS,

                              Defendants.
------------------------------------------------------------------------x

      Defendant, George Malliarakis a/k/a Georgios Malliarakis ("Defendant George"), by his attorney, James P. Demetriou, Esq., as and for his answer to the Complaint of Plaintiff Cathay Bank, respectfully alleges as follows:

## ANSWERING THE ALLEGATIONS AS TO THE PARTIES

      1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

      2.     Admits the allegations contained in paragraph 2 of the Complaint.

      3.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

      4.     Admits Defendant George and Defendant Paula Malliarakis ("Defendant Paula") resided together in a special intimate relationship, but denies the date of 2014 as the end of such relationship, and states that such special intimate relationship ended in and about Spring, 2011.

      5.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

### ANSWERING THE ALLEGATIONS AS TO JURISDICTION AND VENUE

11. Denies that any viable cause of action has been pleaded as alleged in paragraph 11 of the Complaint, and asserts that there is no viable cause of action against Defendant George, specifically denies that there is any federal question regarding the claims made against Defendant George, and specifically denies the allegations regarding an amount in controversy, as Plaintiff's Civil Cover Sheet specifically states that Plaintiff seeks "...relief other than money damages," and, accordingly, respectfully refers all matters of jurisdiction to the Court.

### ANSWERING THE ALLEGATIONS AS TO THE FACTUAL BACKGROUND

12. Admits that Defendant George was the fee owner of the real property known as and located at 18-47 26th Road, Long Island City, NY (the "Property") at some time, but respectfully refers the timing and dates of transfers thereof to the trier of fact.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 14 of the Complaint, and respectfully refers the issues regarding the alleged transfer and alleged documents thereof to the trier of fact.

15.	Denies the allegations contained in paragraph 15 of the Complaint.

16.	Denies the allegations contained in paragraph 16 of the Complaint.

17.	Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint, and respectfully refers the issues regarding the alleged transfer (the "2014 Transfer"), and alleged documents thereof, to the trier of fact.

18.	Denies the allegations contained in paragraph 18 of the Complaint.

19.	Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20.	Denies the allegations contained in paragraph 20 of the Complaint.

21.	Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint, and respectfully refers the issues regarding the alleged transfer and alleged documents to the trier of fact.

22,	Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23.	Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24.	Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint.

25.	Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26.	Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

29. Admits that Defendant Paula brought an action in the United States District Court for the Eastern District of New York, and respectfully refers the specifics thereof to the records of such action and the trier of fact herein.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint, and respectfully refers the specifics thereof to the records of such action and the trier of fact herein.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint, and respectfully refers the specifics thereof to the records of such action and the trier of fact herein.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint.

33. Admits that Asia Bank brought an action in Supreme Court, Nassau County (the "458 Action"), and respectfully refers the specifics thereof to the records of such action and the trier of fact herein.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint, and respectfully refers the said allegations to the

4

trier of fact herein.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint, and respectfully refers the issues regarding any alleged judgment to the trier of fact herein.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint, and respectfully refers the issues regarding any alleged recordings to the public records and the trier of fact herein.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint, and respectfully refers the issues regarding any alleged recordings to the public records and the trier of fact herein.

45. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint, and respectfully refers the issues regarding any alleged recordings to the public records and the trier of fact herein.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint, and respectfully refers the issues regarding any alleged recordings to the public records and the trier of fact herein.

### ANSWERING PLAINTIFF'S FIRST CAUSE OF ACTION

48. Defendant George repeats and realleges each and every response to paragraphs 1 through 47 of Plaintiff's Complaint as if fully set forth herein.

49. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint.

### ANSWERING PLAINTIFF'S SECOND CAUSE OF ACTION

53. Defendant George repeats and realleges each and every response to paragraphs 1 through 52 of Plaintiff's Complaint as if fully set forth herein.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

### ANSWERING PLAINTIFF'S THIRD CAUSE OF ACTION

59. Defendant George repeats and realleges each and every response to paragraphs 1 through 58 of Plaintiff's Complaint as if fully set forth herein.

60. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Complaint.

### ANSWERING PLAINTIFF'S FOURTH CAUSE OF ACTION

66. Defendant George repeats and realleges each and every response to paragraphs 1 through 65 of Plaintiff's Complaint as if fully set forth herein.

67. Denies the allegations contained in paragraph 67 of the Complaint as the same refer to the alleged 2014 Transfer, and Denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 67 of the Complaint.

## ANSWERING PLAINTIFF'S FIFTH CAUSE OF ACTION

68. Defendant George repeats and realleges each and every response to paragraphs 1 through 67 of Plaintiff's Complaint as if fully set forth herein.

69. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70 of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint as the same refer to Defendant George and the 2014 Transfer, and Denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 72 of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That all claims asserted by Plaintiff against Defendant George are barred by the

applicable statue of limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That all claims asserted by Plaintiff against Defendant George are barred by the doctrine of *election of remedies*.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

There was no fraudulent conveyance by Defendant George as the 2014 Transfer was pursuant to and in consideration of an agreement between Defendant George and Defendant Paula, pursuant to which Defendant Paula took the Property subject to all claims against it.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrines of unclean hands and laches.

As a sophisticated lending institution, and reasonably prudent lender, Plaintiff's predecessor Asia Bank, at the time it granted the mortgage (the "458 Mortgage") on the real property that was the subject of the 458 E. 144th Action (identified in Plaintiff's complaint as the "Baldwin Property"), was aware of the Property, its ownership by Defendant George, and the availability of the Property as additional security for the 458 Mortgage.

Plaintiff's predecessor, knowingly and intentionally, ignored the Property and took no action against the Property to protect its interests when the opportunity first arose.

As assignee of Asia Bank, Plaintiff is subject to the actions of its predecessor, and accordingly, is subject to the same claims and defenses that could be raised against Asia Bank.

Accordingly, Plaintiff may not now make claim against the Property.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

As a result of the foregoing, Plaintiff's Complaint fails to state a claim against this answering Defendant upon which a claim can be based.

9

## AS AND FOR A CROSS-CLAIM

If Defendant George is found liable to Plaintiff in this action for any of Plaintiff's claims, it is solely as a result of the actions of the other Defendants herein, and accordingly, Defendant George demands judgment therefor over and against Defendants Paula Malliarakis, 26 Road Astoria LLC, Alpha Realty, Inc., Aphis Realty, Inc., 1847 Astoria LLC and Dionysios Kaliampos, together with costs and disbursements of this action.

**WHEREFORE,** Defendant George demands judgment dismissing the Complaint, or in the alternative judgment over against the other Defendants herein, and awarding Defendant George costs, disbursements and attorneys' fees, together with such other, further, and different relief as to the Court may seem just and proper.

Dated: Orlando, Florida
August 18, 2017

    Yours, etc.,
    s/ *James P. Demetriou*
    JAMES P. DEMETRIOU, Esq.
    Attorney for Defendant
    George Malliarakis a/k/a Georgios Malliarakis
    3208 E. Colonial Drive, #284
    Orlando, FL 32803
    Ph:   904-495-8305 / 516-570-4900
    Fx.:  800-834-9325
    Email: jim@demetrioulaw.com