**STEPHEN H. FINKELSTEIN** COUNSELOR AT LAW

369 LEXINGTON AVENUE • 12TH FLOOR • NEW YORK, NY 10017 • (212) 532-0008 • FAX (212) 695-6007
EMAIL: STEPHEN.FINKELSTEIN@VERIZON.NET

MEMBER N.Y. AND FLA. BAR

THE SENATOR LAW CENTER
767 ARTHUR GODFREY ROAD
MIAMI BEACH, FLA 33141
(305) 538-2344

<u>**Via ECF**</u>

February 10, 2020

Hon. Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re: Cathay Bank v. Jose Antonio Bonilla**
> **and Julio Cesar Montalvo, as Administrators**
> **for the Estate of Paula Malliarakis, deceased,**
> **et al.**
> **Civil Action No. 17-CV-3551 (NG)(ARL)**

Dear Judge Gershon:

I am writing as counsel to defendants, 26RoadAstoria LLC, Aphis Realty, Inc., 1847 Astoria LLC and Dionysios Kaliampos (collectively, the "Entity Defendants") in the above captioned action, pursuant to your Honor's "Individual Motion Practices", in order to arrange for a pre-motion conference in anticipation of a motion for summary judgment to dismiss the Complaint as against my said clients.

By way of information, this action, although commenced in June, 2017, had been stayed for a good part of time since then due to the death of defendant, Paula Malliarakis ("Paula"), whose sons were recently appointed Administrators of her estate in October. Hence, the action has now proceeded in its ordinary course.

The Complaint alleges, *inter alia*, the following, by way of background:

1. That Paula and defendant, George Malliarakis ("George"), had a special, intimate relationship for several years until in or about 2014 (the undersigned believes that they resided together and jointly owned a residence in Baldwin, Nassau County, New York);

2. That up to October 19, 2016, Paula was the sole member and owner of defendant, 1847 Astoria LLC ("1847");

3. That prior to February 12, 2010, George was the fee owner of the real property located at 18-47 26th Road, in Astoria, Queens (the "Queens Property"), on which date he conveyed the said

**STEPHEN H. FINKELSTEIN**

Hon. Nina Gershon
February 10, 2020
Page -2-

property to himself and Paula, as tenants in common, and at which time George was indebted to a number of creditors, including Asia Bank, a predecessor bank of plaintiff-bank; that such transfer was without consideration and rendered George insolvent;

4. That in October, 2016, Paula conveyed the Queens Property to 1847, through a sale of her 100% membership interest in 1847 to defendant, Kaliampos, which plaintiff alleges was not for a "fair consideration" as set forth in Section 278 of the New York Debtor and Creditor Law **(notwithstanding that the purchase price was paid for in cash, assumption of existing mortgage debt and loan of additional funds to Paula evidenced by a purchase money mortgage, all of which 1847 and Kaliampos allege constituted a fair and adequate consideration);**

5. That in an action commenced in this Court in or about August, 2015 (No. 15-cv.-05060), Paula sued George and Plaintiff herein ("Cathay"), in which action Cathay obtained a judgment against Paula, by way of counterclaim, in the sum of $455,000, with interest (the "Federal Judgment"). The undersigned believes that a transcript of the Federal Judgment was filed in the Nassau County Clerk's Office, given that both Paula and George lived in Nassau County, as aforementioned. However, **NO TRANSCRIPT OF THE FEDERAL JUDGMENT WAS FILED IN QUEENS COUNTY, wherein the Queens Property is located, as of the date 1847 was sold to Kaliampos,** and

6. As the result of the alleged fraudulent transfers, Cathay alleges that every transaction alleged in the Complaint to have occurred, is void and "fraudulent", pursuant to Section 278 of the New York Debtor and Creditor Law and should be vacated and set aside.

## LEGAL POSITION OF THE ENTITY DEFENDANTS.

The Entity Defendants contend that plaintiff-judgment creditor failed to duly file a transcript of the judgment entered in its favor in this Court, which it did file in the Nassau County Clerk's Office but not in the Queens County Clerk's Office, in which county the subject real property is located. Such failure to timely transcript the underlying judgment in Queens County, to the best of my knowledge, is conceded by counsel for plaintiff.

The operative New York statute is §5018(a) of the Civil Practice Law and Rules, to wit: "Docketing of Judgment". That section provides, *inter alia,* that where a transcript of the docketed judgment has been filed with the clerk of the county in which it was entered (which plaintiff did file in Nassau County), "…the clerk of any other county in the state shall docket the judgment." Said statute further provides that "Whenever a county clerk dockets a judgment by transcript under this subdivision, he shall notify the clerk who issued it, who, upon receiving such notification, shall make an entry on the docket of the judgment in his office indicating

STEPHEN H. FINKELSTEIN

Hon. Nina Gershon
February 10, 2020
Page -3-

where the transcript has been filed.  A judgment docketed by transcript under this subdivision shall have the same effect as a docketed judgment entered in the supreme court within the county wherein it is docketed."

Plaintiff's counsel, who also represented plaintiff-bank in the underlying federal action, did file a transcript of the federal judgment with the Nassau County Clerk since the judgment debtor resided in Nassau County, but failed to file an additional transcript of said judgment in Queens County, where the real property which is the subject of this action is located.

It has been held that the filing of a federal court judgment docketed in a County Clerk's office has the same effect as a judgment of the New York Supreme Court for purposes of enforcement in the county filed.  However, a transcript of such judgment from the County Clerk in which the federal judgment is filed must be filed with a different County Clerk where any real property of the judgment debtor is located in order to become a lien and enforce said judgment against property in that county. *See, Knapp v. McFarland*, C.A.2 (1972) 462 F.2d 935; *FDIC v. Richman*, 98 A.D.2d 790, 470 N.Y.S.2d 19 (2nd Dep't., 1983).  New York courts have held that a judgment is a lien against defendant's property only within the county in which the action was brought and cannot be enforced or a lien against property in a different county unless transcripted. *See, Nelson, L.P. v. Jannace*, 87 A.D.3d 731, 929 N.Y.S.2d 592 (2nd Dep't., 2011).

It is virtually Hornbook law in the State of New York that unless a judgment is properly transcripted or filed in the county wherein the subject real property is located, an innocent purchaser would not be able, by searching the record, to ascertain whether or not such a lien existed and hence, determine whether or not to either buy the property or to lend money for the mortgage of same.  Section 291 of the New York Real Property Law, which is the "recording act", is also applicable on this point.  Likewise, any title insurance company must be in a position to ascertain all liens of record in the county wherein the property or mortgage it is being asked to insure is located.  An expert in the law of titles shall furnish his affidavit on all of the above should your Honor grant permission for the undersigned to move for summary judgment dismissing the Complaint herein.

Respectfully yours,

*Stephen H. Finkelstein*

STEPHEN H. FINKELSTEIN

SHF:ca
cc:  Michael Haskel, Esq.
       James Peter Demetriou, Esq.
       Julio E. Portilla, Esq.